# In re WRIGHT.

## No. 20513.

District Court, E. D. New York.

Sept. 25, 1942.

Peter J. Haberkorn, of New York City, for petitioner creditor.

Irving L. Rollins, of New York City, for bankrupt.

ABRUZZO, District Judge.

This motion was instituted by the petitioner creditor for an order vacating and setting aside the order of this Court filed in June of 1932 dismissing the bankruptcy proceeding herein; as well as the consent of the petitioner creditor who has brought this motion to this dismissal, dated October 21, 1931; and reopening this bankrupt estate.

The record discloses that the bankruptcy proceeding in question was instituted on May 16, 1931. Prior thereto and on May 21, 1928, the petitioner creditor recovered a judgment against the bankrupt in the sum of $15,137.35. Subsequently, and after the filing of the petition in bankruptcy, the creditor filed her proof of claim on June 24, 1931. On October 21, 1931, the petitioner creditor consented to the dismissal of the bankruptcy proceedings. The order of adjudication in bankruptcy was vacated and the petition dismissed by an order dated May 6, 1932.

The petitioner. bases this application on the ground of fraud. Upon the filing of his petition, the bankrupt stated that he was without assets, and relying upon this sworn statement she compromised and settled the judgment for the sum of $4,500 on or about October 21, 1931, executing a general release and satisfaction of judgment at that time. The petitioner creditor states that in July of 1942 a completely different state of affairs was brought to her attention, indicating that false and fraudulently representations had been made to her previously which induced her to settle her judgment and consent to the dismissal of the petition in bankruptcy.

It is her contention that the bankrupt concealed the value of certain shares of capital stock in the Cataract Brewing Company at the time of the filing of his petition and failed to disclose that he expected to be paid the sum of $84,714 for one thousand shares. She maintains that after the dismissal of the petition in bankruptcy, the bankrupt recovered a judgment from certain individuals for the value of the shares in the Cataract Brewing Company in the sum of $130,152.92 which was settled for $50,000 in cash. The shares of stock in this company were listed as owned by the bankrupt in his schedules with the explanation that they were worthless and without value.

The affidavit of the bankrupt indicates that the petitioner creditor commenced an action to rescind the agreement of compromise and settlement of her judgment in the Supreme Court of the State of New York; and that the relief sought by that proceeding is identical with that she is seeking herein. The bankrupt asserts that he made a motion in that action applying for an order dismissing the complaint. On September 4, 1942, a decision on that motion dismissed the complaint and rendered judgment in favor of the bankrupt and against the petitioner creditor on the merits.

Whatever the merits of the present application may be, it is clear that the petitioner creditor compromised and settled her judgment for $4,500, that she executed a satisfaction of that judgment and a general release as well as a consent to the dismissal of the petition in bankruptcy; and that the action she instituted in the Supreme Court of New York State based on the same issues and grounds as those herein was dismissed on the merits. While she undoubtedly may appeal the decision of the Supreme Court, she definitely is not entitled to a reopening of the bankruptcy proceedings herein for the purpose of retrying the issue which has already been adjudicated by a court of competent jurisdiction. Having chosen her forum in which to litigate her claim and received a decision thereon, she is not entitled to another trial of the same issue. This Court is bound to recognize the jurisdiction and decision of the Supreme Court of the State of New York which has declared that the petitioner is no longer a creditor of the former bankrupt.

Consequently, since the petitioner is not a creditor, this motion must be denied.

Settle order on two (2) days' notice.